Filed 6/24/14  Rice v. City of Carson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CARA RICE, | B249997 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. TC025873) |
| v. | |
| CITY OF CARSON et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Affirmed.

Cara Rice, in pro. per., for Plaintiff and Appellant.

Aleshire & Wynder, William W. Wynder and Mily C. Huntley for Defendants and Respondents.

_____

Cara Rice sued the City of Carson and Victor Rollinger for racial, age, and disability discrimination, wrongful termination, and harassment, after Rollinger, her supervisor, terminated Rice from her position as transportation services manager. The trial court granted summary judgment in favor of the City and Rollinger, and Rice appealed. We affirm, because Rice fails to cite to any evidence in the record of racial or other discrimination, wrongful termination, or harassment.

## DISCUSSION

We accept as true the facts and reasonable inferences supported by Rice's evidence, and the defendants' undisputed evidence, on the motion for summary judgment. (*Raghavan v. Boeing Co.* (2005) 133 Cal.App.4th 1120, 1125.)

Rice contends "there was a dispute of material fact as to whether [she] was incompetent and unable to perform the duties of Transportation Services Manager." She provides a factual statement nine pages long, most of which mirrors verbatim the allegations in her third amended complaint. We discovered this on our own review, as Rice's statement of facts contains not a single citation to the record. The only citations to the record in her entire 19-page appellate brief are three citations in her one-page statement of the case, to the trial court's order sustaining a demurrer to an earlier version of the complaint, an order to strike certain defendants from portions of the third amended complaint, and the order granting summary judgment. The City and Rollinger challenged Rice on this point in their respondents' brief. Rice did not file a reply brief. We thus are left with no citations to the 731-page record regarding Rice's purported evidence of discrimination, wrongful termination, or harassment.

It is Rice's duty to support her arguments with appropriate reference to the record, including providing exact page citations for any factual or procedural matters, "no matter where the reference occurs in the brief." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96–97, fn. 2.) We have no duty to search the record for evidence, and we may simply disregard any factual contention not supported by a proper citation. (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.) We therefore disregard all Rice's claims that material facts were disputed. "The claimed existence of facts that are

2

not supported by citations to pages in the appellate record, or not appropriately supported by citations, cannot be considered by this court. (Cal. Rules of Court, rule 8.204(a)(1)(C); [citations.])" (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.) "'""Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right."'" [Citation.] Therefore, plaintiff's contention that the trial court erred by granting defendants' motion for summary judgment is deemed waived." (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115–1116.) Rice's failure to identify where in the record there is admissible evidence creating a triable issue of fact on her claims of discrimination and harassment dooms her appeal.

Rice, who represented herself in the trial court as well as on appeal, "is not exempt . . . because [s]he is representing h[er]self on appeal in propria persona. Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

We note that the trial court's tentative ruling (adopted at the summary judgment hearing) points out that the City and Rollinger provided evidence that Rice's "job performance was unsatisfactory, that she was not harassed because of her protected status, that adverse employment actions were not motivated by discriminatory animus or retaliatory intent, and that the City had a legitimate business reason for terminating plaintiff's employment." The evidence included declarations by Rollinger and a human resources manager, and Rice did not file objections to any of the evidence. Further, the court stated that Rice's separate statement did not comply with Code of Civil Procedure section 437c, subdivision (b)(3), which requires: "Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." Rice "fail[ed] to identify evidence creating a triable issue for most of those facts."

3

Rice has provided no citation to the record to support reversal of the trial court's grant of summary judgment, and we therefore affirm.

## DISPOSITION

The judgment is affirmed. The City of Carson is to recover its costs on appeal.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.


4